■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. VINCENT SANTANGELO, Appellant.— Motion granted to appeal on certified copy of judgmet roll, etc., five typewritten briefs, etc., J. Vaughan Millane, Jr., Esq. assigned as attorney to conduct appeal and time for argument of appeal enlarged to include March 1960 Term of court.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM E. WEAVER, Appellant, against ROBERT E. MURPHY, as Warden of Auburn Prison, Respondent.— Motion granted to appeal on original papers and five typewritten copies of brief.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES LA PLACA, Appellant.— Motion granted to appeal on original papers, five typewritten briefs, and Carl Angeloff, Esq. of Rochester assigned as attorney to conduct the appeal, and time for argument of the appeal enlarged to include March 1960 Term.

## SECOND DEPARTMENT, November, 1959*

### (November 30, 1959)

■ MORRIS LORBERBLATT, Appellant, v. D. A. GERST, INC., Respondent.— Motion to vacate order entered October 5, 1959, dismissing appeal, and for other relief denied, without costs. Present — Wenzel, Acting P. J., Beldock, Hallinan and Kleinfeld, JJ.; Murphy, J., deceased.

## FIRST DEPARTMENT, MARCH, 1960

### (March 1, 1960)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BORRIS M. KOMAR, Appellant.— Judgment unanimously reversed on the law and on the facts, without costs, the information is dismissed, and the fine remitted. The order of the Department of Buildings which defendant is charged with violating was not directed to him nor comprehensive enough to include him, but was limited solely to the corporation which was the last record owner of the premises — an entity with which defendant was unconnected and over which he had no control. Defendant, having foreclosed the mortgage and received a Referee's deed which he did not record, appears in fact to have been responsible for the condition of the premises; but even though he was served with the order personally, he cannot be convicted under sections 643a-9.0 and C26-207.0 of the Administrative Code of the City of New York for failure to comply with orders directed to someone else. This defect is not cured by the circumstance that defendant's lack of candor and evasiveness before and throughout the proceeding contributed in large measure to the failure of the city to ascertain that defendant was in fact the true owner of the building. Concur — Botein, P. J., Breitel, Rabin, McNally and Stevens, JJ.